# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD DUMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | Case No. 11-2343-CM |
| **THE PROCTOR AND GAMBLE** ) | |
| **MANUFACTURING COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Richard Dumas brings this employment discrimination action pro se against defendant The Proctor and Gamble Manufacturing Company. Plaintiff claims that discriminatory conduct occurred at defendant's Kansas City, Kansas location in 2006–07. In his complaint, plaintiff marked that the complained-of conduct involved (1) failure to hire; (2) termination; (3) failure to promote; (4) failure to accommodate a disability; (5) differing terms and conditions of employment; (6) retaliation; (7) harassment; (8) reduction in wages; and (9) other ("was hurt by other worker while working"). He alleges discrimination on the basis of race, gender, and disability. Defendant filed a Motion to Dismiss (Doc. 8), claiming that plaintiff did not timely exhaust his administrative remedies before filing his complaint. Plaintiff failed to timely respond to defendant's motion. On August 26, 2011, the court ordered plaintiff to show cause why the motion should not be granted without the benefit of plaintiff's response. Plaintiff responded to the court's order. The court has now considered plaintiff's response to the motion to dismiss and show cause order. For the following reasons, the court grants defendant's motion.

Although plaintiff did not mark a federal statute under which he brings his claims, they appear to fall under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities

Act. Exhaustion of administrative remedies is required before instituting a federal action under either of these laws. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309–10 (10th Cir. 2005). Specifically, a litigant must file a claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly discriminatory conduct before he may proceed in federal court. *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)). This timely filing is a "prerequisite to a civil suit." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003). It is not, however, jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1174–75 (10th Cir. 1998) ("Because the timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court, it is best likened to a statute of limitations and is therefore subject to waiver, estoppel and equitable tolling.").

Here, the EEOC dismissed plaintiff's administrative charge as untimely. Plaintiff claims that the events happened in 2006–07, but he did not file a charge with the EEOC until 2010 or 2011. Plaintiff claims that this case involves the second party of a two-party case. He alleges that he timely filed a claim against the first party (LaCosta), but that he "had to wait until the first party case with LaCosta was completed and evidence against the second party was gathered." (Doc. 18, at 2.) Plaintiff claims that "the EEOC officer stated that since I filed with LaCosta on time, that gave me the right to sue the second party." (*Id.*)

To the extent that plaintiff's assertions are an effort to show that equitable tolling is appropriate, they are inadequate to prevent dismissal. Plaintiff bears a considerable burden to show he is entitled to equitable tolling. *See Pyles v. Boeing Co.*, 187 F. Supp. 2d 1311, 1315–16 (D. Kan. 2002) (citing *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)) (noting

the narrow construction of equitable exceptions to Title VII's time limitations). To show that equitable tolling is appropriate, plaintiff must allege active deception by his employer, the EEOC, or the court. *See Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (discussing equitable tolling of ADEA statute of limitations); *see also Baker v. Perfection Hy-Test*, No. 95-6091, 1996 WL 1162, at *2 (10th Cir. Jan. 2, 1996) (discussing equitable tolling of 300-day deadline for ADEA).

Although plaintiff alleges that he timely filed an EEOC complaint against LaCosta, he has not provided the complaint to the court. And although plaintiff alleges that the EEOC officer told him he had the right to sue the "second party," plaintiff makes this statement in his response brief without supporting evidence. Plaintiff's assertions in his response brief are insufficient to show that equitable tolling should apply in this case. Even if they were sufficient, plaintiff's allegations do not rise to the level of "active deception." Plaintiff has not met his burden of showing that equitable tolling is appropriate.

Plaintiff's discrimination claims are therefore time-barred because the alleged dates of discrimination were more than 300 days prior to the filing of the EEOC charge.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 8) is granted. The case is closed.

Dated this 20th day of September 2011, at Kansas City, Kansas.

                                    **s/ Carlos Murguia**
                                    **CARLOS MURGUIA**
                                    **United States District Judge**